UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeffrey Scott Bosma,

          Plaintiff,       Case No. 17-cv-14183

v.                                   Judith E. Levy
                                   United States District Judge

Ace American Insurance Company,
Snelling Staffing Services, and      Mag. Judge Anthony P. Patti
Arvco Container Corporation,

          Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [4], DISMISSING PLAINTIFF'S COMPLAINT [1] PURSUANT TO 28 U.S.C. § 1915(e)(2), DENYING PLAINTIFF'S REQUEST FOR PROVISION OF A TRANSCRIPT AT GOVERNMENT EXPENSE [5], AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [7]**

Before the Court is plaintiff Jeffrey Scott Bosma's complaint (Dkt. 1), application to proceed *in forma pauperis* (Dkt. 4), and request for a transcript of a Michigan Workers' Compensation hearing at government expense. (Dkt. 5.) Bosma alleges that defendants "did not comply with compulsory state worker's compensation laws" (Dkt. 1 at 4) and seeks damages related to "lost wages, incurred medical costs, and

rehabilitation." (Dkt. 1 at 5.) On January 22, 2018, defendants Ace American Insurance Company and Snelling Staffing Services filed a motion to dismiss for lack of subject-matter jurisdiction. (Dkt. 7.)

## I. Proceeding *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Only after the complaint is filed should it be tested to determine whether it is frivolous or fails to state a claim. *Id.*

The Court has reviewed plaintiff's application and finds that it "contains allegations of poverty sufficient to allow [him] to proceed without prepayment of costs." *Id.* at 262.

## II. Dismissal of Complaint

Under 28 U.S.C. § 1915, the Court must dismiss a case filed *in forma pauperis* if "at any time, [ ] the court determines that . . . the

action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Construed in the light most favorable to him, plaintiff alleges that "[his] employer did not comply with compulsory state worker's compensation laws" after plaintiff was injured while working on a production line at Arvco Container Corporation in Kalamazoo,

Michigan. (Dkt. 1 at 4–5.) Plaintiff is seeking to "claim denied benefits including income, medical, and rehabilitative services." (*Id.* at 4.)

Plaintiff asserts that the Court's jurisdiction for his claim is federal question jurisdiction, stemming from "Federal Worker's Compensation Laws." *Id.* Under 5 U.S.C. § 8102, "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty," subject to certain specific limitations. An "employee" for the purposes of the statute is (a) a civil officer or employee in any branch of the United States government; (b) an individual rendering personal service to the United States; (c) an individual employed on the Menominee Indian Reservation under a statute relating to tribal timber and logging operations on the reservation; (d) an individual employed by the government of the District of Columbia; or (e) an individual appointed to a position of the office staff of a former President. 5 U.S.C. § 8101(1)(A)–(E). Plaintiff's employment at Arvco Container Corporation in Kalamazoo does not qualify him for benefits under the federal workers' compensation program, as set forth in 5 U.S.C. § 8102.

Instead, plaintiff's alleged workplace injury is governed by Michigan's Workers' Disability Compensation Act (WDCA), Mich. Comp. Laws § 418.101 *et seq.*, which provides the "exclusive remedy against the employer for a personal injury or occupational disease." Mich. Comp. Laws § 418.131.

"When Michigan adopted the [WDCA], it essentially created a 'no-fault' system under which a worker no longer has to establish negligence on the part of the employer but the employer is liable for certain expenses related to an injury suffered on the job without regard to fault." *Jackson v. Sedgwick Claims Mgt. Servs., Inc.* 731 F.3d 556, 559 (6th Cir. 2013) (citation omitted). Employers who believe an employee is not entitled to benefits may dispute an employee's claim, and the state has created a comprehensive administrative system for resolving such disputes. *Id.*

Under Michigan law, a disputed benefits claim is first reviewed by a mediator or at a hearing before a magistrate from the Worker's Compensation Agency Board of Magistrates. Mich. Comp. Laws § 418.847. The parties may seek review of the magistrate's decision by the Workers Compensation Appellate Commission (WCAC). Mich.

5

Comp. Laws § 418.859a. Finally, the decision of the WCAC is subject to judicial review in the Michigan Court of Appeals and Michigan Supreme Court. Mich. Comp. Laws § 418.861a(14).

In the present case, plaintiff alleges that he was injured in a workplace incident on March 1, 2011. Plaintiff filed an application for mediation with the State of Michigan Department of Licensing and Regulatory Affairs on January 28, 2013. (Dkt. 5 at 4.) On September 26, 2014, Magistrate Judge Lisa Klaeren issued an Opinion and Order denying plaintiff's application for benefits for a work-related injury, finding that there was no work-related injury that occurred on either March 1, 2011 or March 7, 2011. (Dkt. 5 at 30.) The order further stated that "[u]nless a Claim for Review is filed by either party within 30 days from the date stamped on this Opinion/Order as 'Mailed Date,' this order shall become final. The Claim for Review should be filed with the Michigan Compensation Appellate Commission [ ]." (*Id.* at 3.)

Because plaintiff is not an employee whose workers' compensation dispute is governed by federal law, and because plaintiff's dispute is instead governed exclusively by Michigan's Workers' Compensation

Disability Act, plaintiff has not stated a cause of action over which this Court can grant relief.

Accordingly, the Court GRANTS plaintiff's motion to proceed *in forma pauperis* (Dkt. 4), DISMISSES plaintiff's complaint (Dkt. 1) with prejudice for failure to state a claim upon which relief can be granted, DENIES AS MOOT plaintiff's request for a transcript of his Michigan Department of Licensing and Regulatory Affairs hearing (Dkt. 5) and DENIES AS MOOT defendants' motion to dismiss for lack of subject matter jurisdiction. (Dkt. 7.)

Further, the Court certifies that an appeal of this order would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

Dated: January 22, 2018  　　　　s/Judith E. Levy
Ann Arbor, Michigan  　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2018.

　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　Case Manager