# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jeffrey Scott Bosma,

                Plaintiff,        Case No. 17-cv-14183

v.                                     Judith E. Levy
                                     United States District Judge

Ace American Insurance Company,
Snelling Staffing Services, and      Mag. Judge Anthony P. Patti
ARVCO Container Corporation,

                Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S IN FORMA PAUPERIS REQUEST FOR AN ISSUANCE OF A SUBPOENA [10]

Before the Court is plaintiff's letter, dated April 2, 2018, in which he (1) "inquire[s] about the entering of my previous complaint against Snelling Staffing Services and Ace American Insurance" and (2) "request[s] an application for an issuance of a subpoena in forma pauperis." (Dkt. 10 at 1.) Included with plaintiff's letter is a criminal complaint form, which alleges that "[o]n or about the date(s) of 3/1/2011 in the county of Kalamazoo in the Western District of Michigan, the defendant(s) violated USC Section 651 Employer Negligence." (*Id.* at 2.)

The form further states that the complaint stems from an incident at the Arvco Container Corporation, during which plaintiff sustained a workplace injury. (*Id.*) Plaintiff's letter indicates that he mailed the complaint on February 4, 2018. (*Id.* at 1.).

To the extent that plaintiff is attempting to initiate a *criminal* complaint against defendants, the Court has no authority or power to order the relief plaintiff seeks. "[T]he authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Mercer v. Lexington Fayette Urban County Gov't.*, 1995 WL 222178 at *1 (6th Cir. Apr. 13 1995). "The Court understands that [p]laintiff is appearing pro se and is not well-versed in matters of legal procedure, but it is well-established that a private individual may not file a criminal complaint in a United States District Court." *Schied v. Daughtrey*, 2009 WL 369484 at *3 (E.D. Mich. Feb. 10, 2009) (collecting cases). Plaintiff's attempt to initiate a criminal complaint was never entered on the docket; had it been entered, the Court would have had no choice but to dismiss the complaint for lack of subject matter jurisdiction.

Second, to the extent plaintiff is attempting to file a federal civil complaint, the Court previously considered a complaint – seeking an

2

appeal of a denied workers' compensation claim – based on the same set of facts. (Dkt. 8.) The complaint raised no question of federal law over which the Court has subject matter jurisdiction, and it was dismissed with prejudice. (*Id.*) Similarly, plaintiff's (purportedly criminal) complaint for negligence raises no federal question over which the Court has jurisdiction.

In his letter, plaintiff requests "an application for issuance of a subpoena in forma pauperis." (Dkt. 10 at 1.) Under 28 U.S.C. § 1915(d), "officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis* cases before the court]." Presently, there is no case pending before this Court. Accordingly, plaintiff's request for the issuance of a subpoena is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: June 18, 2018  　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan  　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager
